UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEGACY AVIATION GROUP, LLC and )
PINNACLE MANAGEMENT GROUP, LLC, )
)
Plaintiffs, )
) CASE NO. 1:23-cv-21199-KMM
v. )
)
STANISLAV SKRYPAY, ALINA PLATONOVA )
and PRIVATBANK, )
)
Defendants. )
)

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs, LEGACY AVIATION GROUP, LLC ("LEGACY") and PINNACLE MANAGEMENT GROUP, LLC ("PINNACLE"), file this, their Amended Complaint against Defendants, STANISLAV SKRYPAY, ALINA PLATONOVA and PRIVATBANK, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, LEGACY, is a Wyoming limited liability corporation.

2. Plaintiff, PINNACLE, is a Delaware limited liability corporation.

3. Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, are Ukrainian nationals residing in the Dominican Republic.

4. Defendant, PRIVATBANK, is a banking association doing business in Ukraine.

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of a different state and a foreign state. Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

6. Pursuant to the terms of the Acquisition Agreement, the parties agreed that venue shall lie in Miami, Florida and the terms of the Agreement governed by Florida law. A true and correct

copy of the Acquisition Agreement is attached hereto as Exhibit"A" and incorporated herein by reference.

## GENERAL ALLEGATIONS

7. On or about December 6, 2021, LEGACY and Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, entered into an Acquisition Agreement, a copy of which is attached hereto as Exhibit"A" and incorporated herein by reference.

8. Pursuant to the terms of the Acquisition Agreement, jurisdiction and venue is proper in Miami, Florida and governed by Florida law.

9. On or about December 6, 2021, LEGACY and Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, also executed the Side Letter, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

10. Subsequent thereto, Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, themselves, made numerous debit card payments to LEGACY through PINNACLE's merchant account totaling in excess of $228,000.00. In each instance, one Defendant was presented via text message or e-mail with an invoice that contained a hyperlink to PINNACLE's merchant account portal and had to enter in the credit card information and approve the charge before PINNACLE's merchant account would withdraw same from said Defendant's account.

11. On or about October 4, 2022, Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, cancelled the Acquisition Agreement and requested a refund of any unused portion of the deposit to be transferred to a bank account in Panama to be refunded pursuant to the terms of the Acquisition Agreement and incorporated Side Letter.

12. On or about October 4, 2022, PINNACLE attempted to send the refund via wire transfer on two (2) separate occasions to Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, at their designated account in Panama. However, the wire transfers were rejected and after the second

attempt to send the wire transfer to said Defendants' bank account, PINNACLE's bank froze PINNACLE's bank accounts and denied PINNACLE access to its accounts. PINNACLE's bank further advised that the wire transfers were rejected due to an issue with said Defendants' bank account and that said Defendants would have to contact their bank to determine why the wire was rejected.

13. LEGACY communicated this to Defendants STANISLAV SKRYPAY and ALINA PLATONOVA, and in response, on or about October 10, 2022, Defendant, STANISLAV SKRYPAY, accused PINNACLE and LEGACY of using their money in a fraudulent manner and threatened to make public allegations to additional third parties in an effort to slander PINNACLE and LEGACY. Notably missing from the communication was any explanation as to the reason why the wires had been rejected **or** any alternative bank information.

14. As a result of Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's failure to provide any information concerning the rejected wires and subsequent allegations, as well as advice received by PINNACLE and LEGACY's bank, counsel and law enforcement that, in the event that said Defendants' bank account in Panama is associated with any unlawful activity, PINNACLE and LEGACY could risk exposure if it wires the refund to that account, PINNACLE deposited the remaining balance of $200,709.08 with its corporate counsel in California, the recipient of notices under section 6.11 of the Acquisition Agreement, to be held in trust until the matter could be resolved.

15. At the same time, PINNACLE and LEGACY had their corporate counsel prepare a legally binding agreement between Plaintiffs and Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, that would formally terminate the Acquisition Agreement and business relationship between the parties so that if the funds were ultimately wired to said Defendants' Panama account or other nominated account, the transaction would be fully documented.

16. On or about October 17, 2022, LEGACY's corporate counsel forwarded a draft of the termination agreement to Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's counsel located in the Dominican Republic and confirmed that sufficient funds were being held in trust to resolve the issue and that Plaintiffs' counsel could wire funds to said Defendants' counsel in the Dominican Republic once the termination agreements were executed by the respective Defendants.

17. Following negotiations as to the terms, a final settlement agreement for Defendant, STANISLAV SKRYPAY, and a final settlement agreement for Defendant, ALINA PLATONOVA, were approved by the parties. Each agreement required both a notary and Apostille to witness the respective Defendants' signatures so that the agreements would be accepted as valid and binding in the United States, Dominican Republic and Ukraine. Notable is that at no time during the negotiations did either one of said Defendants claim that any of the charges were unauthorized or illegitimate.

18. On or about October 19, 2022, Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's counsel was provided with a finalized copy of the settlement agreements and relied upon to obtain a properly executed copy from its clients, said Defendants. However, said Defendants' counsel not only failed to produce an executed copy of the settlement agreements from Defendants, but instead, on or about November 1, 2022, delivered draft settlement agreements in Spanish that contained material mistakes and in such a form that was not acceptable to LEGACY. Again, there was no mention of any unauthorized or illegitimate charges.

19. As a result, LEGACY was forced to engage counsel in the Dominican Republic. In order to make the settlement agreements legally binding in the United States, Dominican Republic and Ukraine, LEGACY's counsel in the Dominican Republic drafted dual language agreements and on or about November 1, 2022, delivered the new dual language agreements to Defendants

Case No.: 1:23-cv-21199-KMM

STANISLAV SKRYPAY and ALINA PLATONOVA's counsel.

20. After a few more days of negotiation, on or about November 7, 2022, Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's counsel provided its own version of the dual language agreements and advised said Defendants would only execute those versions. Again, there was no mention of any illegitimate or unauthorized charges by said Defendants.

21. The parties continued to communicate until Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's counsel ultimately advised that said Defendants would not be signing the settlement agreements but again, did not claim that any of the charges were unauthorized or illegitimate.

22. Subsequent thereto, Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, made false criminal claims against Andrew Bacik, an executive of Plaintiffs, in the Dominican Republic causing Mr. Bacik to be falsely arrested and detained for three (3) days. As part of the criminal claims, Defendant, STANISLAV SKRYPAY, stated that PRIVATBANK was "his company" and that Mr. Bacik received $5,000.00 to buy "property" for PRIVATBANK and failed to do so.

23. Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, have also falsely disputed charges in excess of $241,000.00 to PINNACLE's credit card processor, Stripe, Inc., causing additional damage to PINNACLE, knowing that all of the charges were approved by all Defendants, that the funds were not being used by PINNACLE or LEGACY but rather being held in trust by LEGACY's counsel and that the amount of charges in dispute exceeds the acknowledged amount of the refund sought by Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA. LEGACY had provided services and/or paid expenses on Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's behalf in excess of $65,000.00.

24.     Defendant, PRIVATBANK, of which Defendant, STANISLAV SKRYPAY, has represented he owns, approved all charge backs made through Stripe, Inc. in excess of $241,000.00 without even reaching out to Plaintiffs to determine whether Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's claims in support of the charge backs were truthful.

25.     LEGACY has also incurred extensive legal fees and costs as a result of Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's actions that should be credited against the deposit.  Pursuant to paragraph 1.1 of the Side Letter, LEGACY is entitled to subtract transactional fees and costs associated with Defendants' deposit.

26.     As a result, Plaintiffs have been required to retain attorneys and are obligated to pay those attorneys a reasonable fee.

27.     Plaintiffs have performed all conditions precedent or same have been waived.

## COUNT I

## DECLARATORY RELIEF

28.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 27 herein.

29.     This is an action pursuant to Florida Statutes §§86 and 319 requesting declaratory judgment and other relief involving the rights to and disposition of funds in excess of $200,000.00 being held in trust by counsel for Plaintiff.

30.     There is a bona fide dispute about how to properly disburse the deposited funds to Defendants' as well as the amount that Plaintiffs are entitled to deduct as a result of the fees incurred due to Defendants' actions.

31.     Plaintiffs are in need of a court order determining the parties rights to the funds and proper disposition of same in order to protect themselves from any further liability.

32.     Plaintiffs have a justiciable question as to the existence or nonexistence of Plaintiffs' right to any portion of the deposit and its duties to remit the balance to Defendants given the

restrictions to the bank account provided and the exposure to Plaintiff.

33. Plaintiffs are in doubt as to the claim.

34. There is a bona fide, actual, present need for the declaration.

35. Plaintiffs have performed all conditions precedent or same have otherwise been waived.

WHEREFORE, Plaintiffs, LEGACY AVIATION GROUP, LLC and PINNACLE MANAGEMENT GROUP, LLC, request that this Court enter a judgment for declaratory relief instructing Plaintiffs on the amount and manner in which to dispose of the funds being held in trust by Plaintiffs' counsel and such further relief as the Court deems proper.

## COUNT II

## TORTIOUS INTERFERENCE

36. Plaintiffs reallege the allegations set forth in paragraphs 1 through 25 herein.

37. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorneys fees.

38. At all times material hereto, Plaintiffs had an existing business relationship with Stripe, Inc. who provided Plaintiffs with a merchant account to transact business and process credit card payments.

39. Defendants knew that Plaintiffs had an existing business relationship with Stripe, Inc. because Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, authorized Stipe, Inc. to charge Defendants' accounts to pay Plaintiffs and Defendant, PRIVATBANK, to pay same.

40. Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, intentionally and unjustifiably interfered with Plaintiffs' relationship with Stripe, Inc. by knowingly misrepresenting to Stripe, Inc. that Plaintiffs had caused unauthorized charges to Defendants' accounts in excess of $241,000.00.

41. Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, intentionally and

unjustifiably interfered with Plaintiffs' relationship with Stripe, Inc. by knowingly misrepresenting to Stripe, Inc. that Plaintiffs had misused said Defendants funds at a time when these Defendants had actual knowledge that the funds in dispute had been placed in the trust account of Plaintiffs' counsel.

42. Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, knew these representations to be false because they authorized every single charge made through Stripe, Inc. to pay Plaintiffs.

43. Defendant, PRIVATBANK, also intentionally and unjustifiably interfered with Plaintiffs' relationship with Stripe, Inc. by knowingly or negligently misrepresenting to Stripe, Inc. that Plaintiffs had caused unauthorized charges to Defendants' accounts in excess of $241,000.00.

44. Defendants further knew that the numerous charge backs would cause Stripe, Inc. to sever its relationship with Plaintiffs.

45. In fact, as a direct result of Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's onslaught of charge backs and Defendant PRIVATBANK's approval of those charge backs, Stripe, Inc. terminated its relationship with Plaintiffs, requiring Plaintiffs to obtain a new merchant processor, a process made even more difficult by the history of those charge backs.

46. Defendants STANISLAV SKRYPAY and ALINA PLATONOVA's charge backs were purely malicious as said Defendants knew, without a doubt, that the funds they were seeking from Stripe, Inc. had already been set aside for them in counsel for Plaintiffs' trust account.

47. Further, Defendant PRIVATBANK's approval of the charge backs was malicious because they were made, in essences, by Defendant, STANISLAV SKRYPAY, who owns PRIVATBANK, and without any consideration as to the veracity or validity of the charge backs.

48. Plaintiffs have been damaged as a result of the tortious interference with their relationship with Stripe, Inc. in an amount in excess of $75,000.00, exclusive of interest costs and attorneys fees.

Case No.: 1:23-cv-21199-KMM

WHEREFORE, Plaintiffs, Plaintiffs, LEGACY AVIATION GROUP, LLC and PINNACLE MANAGEMENT GROUP, LLC, requests that this Court enter a judgment against Defendants, STANISLAV SKRYPAY, ALINA PLATONOVA and PRIVATBANK, jointly and severally, for damages and such further relief as the Court deems proper.

## COUNT III

### DEFAMATION - STANISLAV SKRYPAY and ALINA PLATONOVA

49. Plaintiffs reallege the allegations set forth in paragraphs 1 through 27 herein.

50. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorneys fees.

51. Defendants made statements both orally and in writing to Stripe, Inc., Plaintiff's credit card processor and merchant account holder, claiming the charges made to Defendants were unauthorized and that Plaintiffs have refused to process a refund.

52. Defendants also made statements both orally and in writing to Stripe, Inc. that Plaintiffs did not provide the services that Defendants had not only authorized but had also accepted from Plaintiffs.

53. Defendants also made statements to third parties claiming that Plaintiffs had stolen Defendants' funds by making unauthorized charges and refusing to refund the deposit.

54. Said statements made to Stripe, Inc. and other third parties were all false. Defendants, individually, had to input the credit card information and approve each charge alleged to be unauthorized. Additionally, Defendants requested and received various services from Plaintiffs, despite now seeking charge backs for same. Most notably, however, is that Plaintiffs repeatedly attempted to refund the balance of the deposit to Defendants and were only prevented from doing so by Defendants' inaccessible bank account and objection of the agreed upon settlement terms through Defendants' counsel. As such, Plaintiffs deposited the balance of the deposit with Plaintiffs'

9

counsel on Defendants' behalf where said funds remain.

55. Defendants knew that the statements made to Stripe, Inc. and other third parties were false. Said statements were made by Defendants with reckless disregard and negligence.

56. As a direct result of Defendants' statements, Stripe, Inc. terminated its relationship with Plaintiffs, requiring Plaintiffs to obtain a new merchant processor, a process made even more difficult by the history of Defendants' charge backs.

57. As a direct result of Defendants' statements, Plaintiffs have lost various business opportunities.

58. As a direct result of Defendants' statements, Plaintiffs have been forced to retain counsel to address the misstatements with Stripe, Inc. and others.

59. Plaintiffs have been damaged as a result of the defamation in an amount in excess of $75,000.00, exclusive of interest costs and attorneys fees.

WHEREFORE, Plaintiffs, Plaintiffs, LEGACY AVIATION GROUP, LLC and PINNACLE MANAGEMENT GROUP, LLC, request that this Court enter a judgment against Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, jointly and severally, for damages and such further relief as the Court deems proper.

DATED this 17th day of April, 2023.

> By: s/ Allison L. Friedman
> ALLISON L. FRIEDMAN, ESQ.
> ALLISON L. FRIEDMAN, P.A.
> 20533 Biscayne Boulevard, Suite 4-435
> Aventura, Florida 33180
> (305) 905-2679 (Telephone)
> (305) 692-9387 (Facsimile)
> Ralfriedman@hotmail.com

Case No.: 1:23-cv-21199-KMM

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I have electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                    By: s/ Allison L. Friedman
                          ALLISON L. FRIEDMAN, ESQ.
                          Fla. Bar No.: 0055336
                          ALLISON L. FRIEDMAN, P.A.
                          20533 Biscayne Blvd., Suite 4-435
                          Aventura, Florida 33180
                          (305) 905-2679 (Telephone)
                          (305) 692-9387 (Facsimile)
                          Ralfriedman@hotmail.com