UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LEGACY AVIATION GROUP, LLC and
PINNACLE MANAGEMENT GROUP, LLC,

    Plaintiffs,

v.   CASE NO. 1:23-cv-21199-KMM

STANISLAV SKRYPAY, ALINA PLATONOVA
and PRIVATBANK,

    Defendants.

**PLAINTIFFS' MOTION FOR RECONSIDERATION
AND/OR CLARIFICATION OF COURT ORDER DISMISSING
THIRD AMENDED COMPLAINT WITH PREJUDICE (ECF 21)**

Plaintiffs, LEGACY AVIATION GROUP, LLC ("LEGACY") and PINNACLE MANAGEMENT GROUP, LLC ("PINNACLE") file this their Motion for Reconsideration and/or Clarification of this Court's Order dismissing the Third Amended Complaint (ECF 21) and state as follows:

1. On or about February 2, 2023, Plaintiffs filed an action for one count of declaratory relief against Defendants, STANISLAV SKRYPAY and ALINA PLATONOVA, in the case of *Legacy Aviation Group, LLC, et al. v. Stanislav Skrypay, et al.*; In the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-001710-CA-01.

2. On or about March 28, 2023, Defendants filed their Notice of Removal. (ECF 1). Within the Notice of Removal, Defendants allege a complete diversity of citizenship as follows:

> Plaintiff Legacy is a citizen of the State of Wyoming. *See* Complaint at ¶2. Plaintiff Pinnacle is a citizen of the State of Delaware. *Id.* at ¶3. Defendants are Ukrainian nationals residing in the Dominican Republic.

3. Recognizing the diversity in citizenship and proper amount in controversy, Plaintiffs did not challenge the removal.

4. On April 17, 2023, with no responsive motion or pleading filed by Defendants, Plaintiffs filed their Amended Complaint to include an additional Defendant, PRIVATBANK, and two (2) additional counts for tortious interference and defamation. (ECF 9).

5. Subsequent thereto, after receiving an extension of time, on May 5, 2023, Defendants filed their Motion to Dismiss the Amended Complaint. (ECF 12).

6. On May 17, 2023, this Court entered an Order allowing Plaintiff to either respond to the Motion to Dismiss or to file an amendment. (ECF 13).

7. After reviewing the Motion to Dismiss, only two (2) days later, on May 19, 2023, Plaintiffs filed their Second Amended Complaint addressing the issues raised therein. (ECF 19). Admittedly, Plaintiffs' counsel, relying on her state court complaint, failed to include the requisite federal jurisdictional allegations in the pleading.

8. On May 23, 2023, this Court entered an order denying Defendants' Motion to Dismiss as moot. (ECF 15).

9. Notwithstanding, on May 30, 2023, this Court dismissed the Second Amended Complaint without prejudice to allow Plaintiffs to include the requisite federal jurisdictional allegations in the pleading. (ECF 16).

10. That same day, Plaintiffs filed their Third Amended Complaint to include allegations of diversity citizenship which were stated in the same manner as Defendants pled in the Notice of Removal. (ECF 17).

11. On June 8, 2023, this Court dismissed the Third Amended Complaint with prejudice because Plaintiffs failed to include any allegations as to the jurisdiction of the members of LEGACY and PINNACLE. (ECF 21).

12. PINNACE is the member of LEGACY and PINNACLE's citizenship is Delaware where PINNACLE was incorporated, and Wyoming, where LEGACY is incorporated. PINNACLE's

citizenship was therefore included in the Third Amended Complaint.

13. The only information not included is the citizenship of PINNACLE's members who are all residents of Florida.

14. Plaintiffs are now seeking reconsideration of this Court's harsh sanction of dismissal with prejudice to allow Plaintiffs to amend and include the citizenship of the members of PINNACLE **or** clarify to whether the case is remanded back to state court.

15. Lastly, Plaintiffs state that Defendants have suffered no prejudice at all as a result of any actions of Plaintiffs and, in fact, as the parties seeking the removal, have only been benefitted.

## MEMORANDUM OF LAW

Fed.R.Civ.P. 15(a) directs a district court that leave to amend "shall be freely given when justice so requires." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). A district court does not have to allow an amendment, however, where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed, where allowing an amendment would cause undue prejudice to the opposing party; **or** where the amendment itself would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In this case, the Court has dismissed Plaintiff's claim with prejudice for failing to cure deficiencies by amendments previously allowed. This Court cites to the case of *Barrett v. Scutieri* for the proposition that upon "repeated failure to cure deficiencies by amendments previously allowed" the court does not have to allow additional amendments. 281 Fed. Appx. 952, 954-955 (11th Cir. 2008). However, in Barrett, the *pro se* plaintiff continually failed to allege the required elements for fraudulent inducement and promissory estoppel in his three (3) pleading attempts, allegations that impact the merits of the claims.

In this instance, however, the Court has not dismissed this case for failure to include elements of meritorious claims. Instead, the Court has dismissed this case ***with prejudice*** for failure to

Case No.: 1:23-cv-21199-KMM

properly allege sufficient jurisdictional allegations after one court order allowing an amendment on that issue. Plaintiffs did file an amendment and listed where the corporate Plaintiffs are deemed citizens, the same allegations relied upon by Defendants in seeking the removal. Plaintiffs can easily cure this deficiency with no undue delay or prejudice to Defendants. Further, the deficiency does not go to the merits of the actual causes of action, yet those same causes are now prevented from being litigated on their merits.

"Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Plaintiffs acknowledge their counsel's failure to include the citizenship of the member of PINNACLE in the Third Amended Complaint was an uncured deficiency, but request that the Court also consider Plaintiffs' quick responses to the Court's orders and directives and the ease of correcting the singular deficiency and request that the Court reconsider the dismissal with prejudice. If permitted, Plaintiffs would immediately file an amendment alleging that PINNACLE's members are residents of Florida. Alternatively, Plaintiffs request clarification as to whether the case is dismissed only in this Court but remanded to the state court proceedings given the difficulty in serving Defendants.

WHEREFORE, Plaintiffs request that this Court reconsider its dismissal with prejudice of the Third Amended Complaint and allow Plaintiffs to amend same and/or clarify as to whether the case is remanded to state court and such further relief as the Court deems proper.

DATED this 9th day of June, 2023.

> By: s/ Allison L. Friedman
> ALLISON L. FRIEDMAN, ESQ.
> ALLISON L. FRIEDMAN, P.A.
> 20533 Biscayne Boulevard, Suite 4-435
> Aventura, Florida 33180
> (305) 905-2679 (Telephone)
> (305) 692-9387 (Facsimile)
> Ralfriedman@hotmail.com

Case No.: 1:23-cv-21199-KMM

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, all counsel of record were served via the CMF filing system.

    By: s/ Allison L. Friedman
        ALLISON L. FRIEDMAN, ESQ.
        Fla. Bar No.: 0055336
        ALLISON L. FRIEDMAN, P.A.
        20533 Biscayne Blvd., Suite 4-435
        Aventura, Florida 33180
        (305) 905-2679 (Telephone)
        (305) 692-9387 (Facsimile)
        Ralfriedman@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I have electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

    By: s/ Allison L. Friedman
        ALLISON L. FRIEDMAN, ESQ.
        Fla. Bar No.: 0055336
        ALLISON L. FRIEDMAN, P.A.
        20533 Biscayne Blvd., Suite 4-435
        Aventura, Florida 33180
        (305) 905-2679 (Telephone)
        (305) 692-9387 (Facsimile)
        Ralfriedman@hotmail.com